2017-DCL-01111

FILED
2017-DCL-01111
2/13/2017 5:19:55 PM
Eric Garza
Cameron County District Clerk
By Priscilla Lugo Deputy Clerk
15295784

**BLANCA LUGO-GONZALEZ**

VS.

**C.R. ENGLAND, INC. AND
CECIL LAMAR DERICO**

**IN THE DISTRICT COURT**

**_____JUDICIAL DISTRICT**

Cameron County - 357th District Court

**CAMERON COUNTY, TEXAS**

## PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Blanca Lugo-Gonzalez files this Plaintiff's Original Petition, complaining of Defendants C.R. England Inc. and Cecil Lamar Derico. For cause of action, Plaintiff would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff Blanca Lugo-Gonzalez is an individual residing in Texas.

Defendant Cecil Lamar Derico resides in the State of Georgia, and may be served with process at 873 E. Washington Dr., Cairo, Georgia 39828.

Defendant C.R. England Inc is a foreign corporation and may be served with citation via its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

### III.

### VENUE

Venue is proper in Cameron County because all or a substantial part of the events or omissions giving rise to this claim occurred in the county. Texas Civ. Prac. & Rem. Code §



EXHIBIT
A

15.002(a)(1)

## IV.

## FACTS

Defendant C.R. England Inc is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant hired, qualified, and retained Cecil Lamar Derico as a truck driver. At all times relevant to this lawsuit, Defendant Cecil Lamar Derico was acting in the course and scope of his actual and/or statutory employment with Defendant C.R. England Inc

On or about August 7, 2015 Blanca Lugo-Gonzalez was involved in a collision with Defendants' tractor trailer rig in Brownsville, Texas, when its driver made an improper left turn, causing his trailer to strike the front of Plaintiff's vehicle. As a direct and proximate result, Plaintiff suffered injuries and damages.

## V.

## CAUSE OF ACTION

Defendant Cecil Lamar Derico was negligent in the operation of the tractor-trailer. Specifically, Defendant Cecil Lamar Derico failed to operate the tractor-trailer as a reasonable commercial driver would have under the same or similar circumstances. He made a dangerous, sharp left turn directly into Plaintiff's vehicle . As a direct and proximate result of this negligence, Plaintiff sustained personal injuries. Defendant C.R. England Inc is vicariously liable for the negligence of Defendant Cecil Lamar Derico under the statutory employment doctrine as well as the doctrine of respondeat superior.

Based on the facts of this wreck, it appears that Defendant Cecil Lamar Derico may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant C.R. England Inc may have been negligent in its entrustment of a tractor-trailer to Defendant Cecil Lamar Derico, and in the qualification, hiring, training, supervision, and retention of Defendant Cecil Lamar Derico.

## VI.

## DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

1.    Medical care, past and future;

2.    Lost wages and earning capacity, past and future;

3.    Physical impairment, past and future;

4.    Physical pain, emotional distress, and mental anguish, past and future; and

5.    Disfigurement, past and future.

Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of more than $1,000,000.00.


## VII.

## REQUEST FOR DISCLOSURE

Defendant Cecil Lamar Derico is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

Defendant C.R. England Inc is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.

## INTERROGATORIES TO DEFENDANT CECIL LAMAR DERICO

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Cecil Lamar Derico. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.        Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2.    Please state the positions held, general job descriptions, and lengths of employment of Cecil Lamar Derico at the time of the collision in question.

RESPONSE:

Interrogatory 3.    Please state the full extent of any training, education, or experience concerning driving techniques or principles Cecil Lamar Derico has received.

RESPONSE:

Interrogatory 4.    Was Cecil Lamar Derico acting in the course and scope of his employment with C.R. England Inc at the time of the collision made the basis of this lawsuit? If you are contending that Cecil Lamar Derico was not acting in the course and scope of employment for C.R. England Inc at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5.    If the vehicle driven by Cecil Lamar Derico that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6.    Please list all traffic accidents in which Cecil Lamar Derico has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7.    Please give a description of all traffic violations for which Cecil Lamar Derico has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8    With respect to collisions or accidents involving one of C.R. England Inc's vehicles and/or a driver employed by you or under contract with C.R. England Inc, please state:

a.    When the driver is required to make a report and to whom;
b.    A description of any written report required to be made by any person with C.R. England Inc and/or the driver;
c.    Where and in whose custody such reports are kept;
d.    When a driver must submit for a drug test by giving a urine sample; and
e.    When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9.    Did Cecil Lamar Derico receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Cecil Lamar Derico paid the ticket, did Cecil Lamar Derico plead guilty? What court did Cecil

RESPONSE:        Lamar Derico have to appear in or call to resolve the citation or ticket?

Interrogatory 10.      Do you contend that someone other than Cecil Lamar Derico (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11.      Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12:      What does C.R. England Inc do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If C.R. England Inc uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13:      Does C.R. England Inc use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14:      For any cell phone used by or issued to Cecil Lamar Derico during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## IX.

## INTERROGATORIES TO DEFENDANT C.R. ENGLAND INC

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant C.R. England Inc. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.      Please state how you contend the collision in question occurred.

RESPONSE:

**Interrogatory 2.**     Please state the positions held, general job descriptions, and lengths of
employment of Cecil Lamar Derico at the time of the collision in question.

RESPONSE:

**Interrogatory 3.**     Please state the full extent of any training, education, or experience
concerning driving techniques or principles Cecil Lamar Derico has received.

RESPONSE:

**Interrogatory 4.**     Was Cecil Lamar Derico acting in the course and scope of his employment
with C.R. England Inc at the time of the collision made the basis of this
lawsuit? If you are contending that Cecil Lamar Derico was not acting in the
course and scope of employment for C.R. England Inc at the time of the
collision, please state exactly why you are making such contention.

RESPONSE:

**Interrogatory 5.**     If the vehicle driven by Cecil Lamar Derico that was involved in the collision
in question was not owned by you, please state the vehicle owner's name,
address and telephone number.

RESPONSE:

**Interrogatory 6.**     Please list all traffic accidents in which Cecil Lamar Derico has been
involved, including the location, city, county, state and any violations for
which he was cited in connection with any traffic accidents.

RESPONSE:

**Interrogatory 7.**     Please give a description of all traffic violations for which Cecil Lamar
Derico has been cited, including the date, city, county, state, offense alleged
and ultimate disposition of such citation.

RESPONSE:

**Interrogatory 8**      With respect to collisions or accidents involving one of C.R. England Inc's
vehicles and/or a driver employed by you or under contract with C.R.
England Inc, please state:

a.     When the driver is required to make a report and to whom;
b.     A description of any written report required to be made by any person
with C.R. England Inc and/or the driver;
c.     Where and in whose custody such reports are kept;
d.     When a driver must submit for a drug test by giving a urine sample;
and
e.     When such report must be reported to the federal government.

RESPONSE:

**Interrogatory 9.**     Did Cecil Lamar Derico receive any citations or tickets as a result of the
collision in question? If so, what was the outcome? If Cecil Lamar Derico
paid the ticket, did Cecil Lamar Derico plead guilty? What court did Cecil

RESPONSE:                Lamar Derico have to appear in or call to resolve the citation or ticket?

Interrogatory 10.        Do you contend that someone other than Cecil Lamar Derico (including but
                         not limited to Plaintiff) did or failed to do something that contributed to the
                         wreck made the basis of this lawsuit? If so, please state what you claim that
                         person did or failed to do, or how the action or inaction caused or contributed
                         to the wreck.

RESPONSE:

Interrogatory 11.        Please state the date on which you first subjectively believed that there was
                         a substantial chance that litigation would arise from the wreck made the
                         basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12:        What does C.R. England Inc do to review drivers' logs to determine whether
                         they are accurate and whether they comply with the hours-of-service
                         regulations? If C.R. England Inc uses any type of computer program or third-
                         party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13:        Does C.R. England Inc use any type of GPS system or other computerized
                         device (such as OmniTRACS, Qualcomm or XATA) to monitor the
                         movements and/or speed of its tractors and/or trailers? If so, please describe
                         the system or device, including its name, what data is generated, where the
                         data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14:        For any cell phone used by or issued to Cecil Lamar Derico during the time
                         period starting one hundred eighty (180) days before the wreck and ending
                         fourteen (14) days after the wreck, please identify the cell phone carrier and
                         the cell phone number.

RESPONSE:

## X.

## REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time

prescribed by law, Defendants Cecil Lamar Derico and C.R. England Inc produce and permit

Plaintiff to inspect and copy the documents and things described in the requests below, and as

instructed below. Plaintiff requests that Defendants produce the documents at the office of Cowen

| Mask | Blanchard, 62 E. Price Road, Brownsville, Texas 78521.

1.   Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

   RESPONSE:

2.   Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

   RESPONSE:

3.   Any and all photographs of the scene of the collision in question.

   RESPONSE:

4.   Any and all photographs that you intend to use at trial.

   RESPONSE:

5.   Any and all photographs, videotapes or other depictions of Plaintiff.

   RESPONSE:

6.   Any and all photographs, videotapes or other depictions of Cecil Lamar Derico.

   RESPONSE:

7.   Any and all witness statements.

   RESPONSE:

8.   Any and all statements from Plaintiff.

   RESPONSE:

9.   Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

   RESPONSE:

10.  Any and all documents related to Cecil Lamar Derico's employment with C.R. England Inc.

   RESPONSE:

11.  Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

   RESPONSE:

12.  Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Cecil Lamar Derico relating to his employment with C.R. England Inc.

RESPONSE:

13.     Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

RESPONSE:

14.     Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial.  Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

RESPONSE:

15.     Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

RESPONSE:

16.     Any records or documentation (medical or non-medical) concerning Cecil Lamar Derico that would indicate whether Cecil Lamar Derico was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

RESPONSE:

17.     Any records or documentation (medical or non-medical) concerning Cecil Lamar Derico that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

RESPONSE:

18.     Any records or documentation (medical or non-medical) that would indicate that Cecil Lamar Derico was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

RESPONSE:

19.     A photostatic copy of the front and back of Cecil Lamar Derico's current driver's license and any commercial license.

RESPONSE:

20.     A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

RESPONSE:

21. Any documentation concerning Cecil Lamar Derico involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

RESPONSE:

22. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Cecil Lamar Derico at the time of the collision in question.

RESPONSE:

23. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Cecil Lamar Derico was an unsafe driver.

RESPONSE:

24. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

RESPONSE:

25. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

RESPONSE:

26. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

RESPONSE:

27. Any insurance policies that provide, or may provide, coverage for the collision in question.

RESPONSE:

28. Any reservation of rights letters or non-waiver agreements.

RESPONSE:

29. Any cell phone bills that would show whether or not Cecil Lamar Derico was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

RESPONSE:

30. All cell phone bills and records for any cell phone used by Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after

the wreck.

RESPONSE:

31.     Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

32.     All expense receipts and reports submitted by Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

33.     All incident reports generated by Cecil Lamar Derico or C.R. England Inc regarding the collision at issue in this lawsuit.

RESPONSE:

34.     If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Cecil Lamar Derico drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Cecil Lamar Derico for that time period.

RESPONSE:

35.     Cecil Lamar Derico's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

36.     C.R. England Inc's complete driver qualification file on Cecil Lamar Derico.

RESPONSE:

37.     All personnel files, accident files, and other files and documents that C.R. England Inc maintains or possesses regarding Cecil Lamar Derico.

RESPONSE:

38.     All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Cecil Lamar Derico during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

39.     All Qualcomm records and data regarding any vehicle operated by Cecil Lamar Derico, and any communications to and from Cecil Lamar Derico, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

40.   All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Cecil Lamar Derico during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

RESPONSE:

41.   All monthly log summary sheets for Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

42.   All notice of logging violations for Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

43.   The accident register for C.R. England Inc.

RESPONSE:

44.   All safety performance history records regarding Cecil Lamar Derico.

RESPONSE:

45.   All driver's vehicle inspection reports completed by Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

46.   All pretrip check lists completed by Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

47.   The vehicle accident kit issued to Cecil Lamar Derico.

RESPONSE:

48.   An exemplar blank vehicle accident kit used by C.R. England Inc.

RESPONSE:

49.   All dispatch and trip reports regarding any vehicle operated by Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

50.    All trip cost report envelopes for any vehicle operated by Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

51.    All OmniTRACS data regarding any vehicle operated by Cecil Lamar Derico for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:


52.    Copies of all documents obtained by deposition on written question or subpoena.

RESPONSE:

53.    All documents regarding any audits or examinations performed of C.R. England Inc by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

RESPONSE:

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

/s/ Mary Wilson
Mary Wilson
Texas Bar No. 21704570
COWEN | MASK | BLANCHARD
62 E. Price Road
Brownsville, Texas
Telephone: (956) 541-4981
Facsimile:  (956) 504-3674
efilings@cmbtrial.com